**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |  |
|---|---|---|
| | : | |
| INFOTELECOM, LLC, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:11-CV-739 (JCH) |
| | : | |
| v. | : | |
| | : | |
| ILLINOIS BELL TELEPHONE CO., | : | OCTOBER 17, 2011 |
| ET AL., | : | |
| Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION FOR RECONSIDERATION (Doc. No. 104)**

**I.     INTRODUCTION**

Defendants, Illinois Bell Telephone Company (d/b/a AT&T Illinois), Indiana Bell

Telephone Company (d/b/a AT&T Indiana), Michigan Bell Telephone Company (d/b/a

AT&T Michigan), Nevada Bell Telephone Company (d/b/a AT&T Nevada), the Ohio Bell

Telephone Company (d/b/a AT&T Ohio), Pacific Bell Telephone Company (d/b/a AT&T

California), the Southern New England Telephone Company (d/b/a AT&T Connecticut),

Southwestern Bell Telephone Company (d/b/a AT&T Arkansas, AT&T Kansas, AT&T

Missouri, AT&T Oklahoma, and AT&T Texas), and Wisconsin Bell, Inc. (d/b/a AT&T

Wisconsin) (collectively, "AT&T") seek reconsideration of this court's Ruling denying in

part AT&T's Motion to Dismiss.  For the reasons set forth below, the Motion is denied.

**II.    BACKGROUND**

Infotelecom, LLC ("Infotelecom") brought this claim against AT&T, seeking a

declaratory judgment and a temporary restraining order concerning the Interconnection

Agreement ("ICA") between the parties.  See Doc. No. 1.  On May 24, 2011,

Infotelecom filed a Motion for Preliminary Injunction, and AT&T filed a Motion to Dismiss

for Lack of Jurisdiction.  Doc. Nos. 33 & 43.  On July 12, 2011, the court held oral

argument regarding these motions.  On July 15, 2011, the court granted AT&T's Motion

to Dismiss with regard to Infotelecom's Declaratory Judgment count, but denied the

Motion with regard to "the secret agreement and discriminatory treatment claims."  In

light of this Ruling, the court also terminated Infotelecom's Motion for Preliminary

Injunction as moot.  See Doc. No. 80 at 26.

## III.    STANDARD

A Motion for Reconsideration is addressed to the sound discretion of the court.

See Kregos v. Latest Line, Inc., 951 F.Supp. 24, 26 (D.Conn. 1996).  The standard for

granting a Motion for Reconsideration is "strict," and "reconsideration will generally be

denied unless the moving party can point to controlling decisions or data that the court

overlooked."  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Generally, the major reasons to grant a motion for reconsideration are "'an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear

error or prevent manifest injustice.'"  Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d

1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright , A. Miller & E. Cooper, Federal

Practice and Procedure § 4478 at 790).  A motion for reconsideration may also be

granted if the court "overlooked factual matters that were put before it on the underlying

motion."  See Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000) (internal

quotations omitted).

## IV.    DISCUSSION

AT&T argues that the court should reconsider its Ruling, which declined to

dismiss Infotelecom's claims regarding a secret agreement, in violation of 47 U.S.C.

§§ 252(a)(1) and (e), and discriminatory treatment, in violation of 47 U.S.C. § 202(a).

See Mem. Supp. Mot. for Reconsideration at 1–2.  In support of its Motion, AT&T

argues that AT&T cannot be liable under section 252(a)(1) or (e) because AT&T

incumbent local exchange carriers do not act as a "common carrier," as defined by

section 153 of the 1996 amendments to the Telecommunications Act of 1934, when

they file (or fail to file) an interconnection agreement.  See Mem. Supp. Mot. for

Reconsideration at 3–4.  Additionally, AT&T argues that Infotelecom has failed to state

a claim for damages, and consequently, cannot allege a private right of action for either

of these claims under 47 U.S.C. § 207.  Id. at 5–6.

AT&T asserts that it "seeks to bring to the Court's attention issues that AT&T had

no occasion to present until now."  Mem. Supp. Mot. for Reconsideration at 2.  In its

Reply, AT&T reiterates this point, asserting that "AT&T never had a 'first bite' at

dismissing a claim for damages asserted under 47 U.S.C. § 207 and premised on

alleged violations of section 252(a)(1) and (e) . . . and section 202 . . . because

Infotelecom alleged no such claim in its Complaint and articulated no such claim in its

opposition to AT&T's motion to dismiss."  Def.'s Reply at 2.

Given these assertions, it is clear that reconsideration is not warranted because

the court did not overlook any matters that were previously put before it.  Instead, AT&T

attempts to assert arguments that the court did not have occasion to properly consider

prior to its Ruling.[1]  The court cannot reconsider an issue that was not previously fully

presented to it.

---

[1] Although these issues were briefly discussed at oral argument, as the parties acknowledge, the court did not receive briefing from the parties regarding these specific issues.  See Mem. Supp. Mot. for Reconsideration at 2; Response in Opp. at 4 ("AT&T could have made the arguments it makes now in its motion for reconsideration in its earlier motion to dismiss.").

**V.     CONCLUSION**

For the reasons stated above, the court denies AT&T's Motion for Reconsideration.  With respect to AT&T's request that the court require Infotelecom to file an amended complaint, the court grants Infotelecom fourteen days to file an amended complaint, if it wishes to do so.  If no amended complaint is filed, AT&T may file a motion to dismiss the current complaint, or any other dispositive motion, regarding these issues, within twenty-one days thereafter.


**SO ORDERED.**


Dated at Bridgeport, Connecticut, this 17th day of October, 2011.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge